# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALFRED MILLER, | ) | CASE NO. 1:16CV1007 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| ASSET ACCEPTANCE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #17) of Plaintiff Alfred Miller for an Award of Attorney Fees and Costs. For the following reasons, the Motion is granted in part.

## I. BACKGROUND

On February 10, 2014, Asset Acceptance filed a debt collection Complaint against Miller in Shaker Heights Municipal Court. Miller filed a Counterclaim under the Fair Debt Collection Practices Act ("FDCPA"),15 U.S.C. § 1692 *et seq.* On January 23, 2015, Asset Acceptance moved to transfer the case to common pleas court on the grounds that the Counterclaim exceeded the monetary jurisdiction of the municipal court. On February 12,

2015, the Shaker Heights Municipal Court Judge ordered the case transferred to common pleas court "conditioned on counterclaim defendants' providing this court on or before February 23, 2015, with a check for the common pleas court filing fee." On March 27, 2015, the Shaker Heights Municipal Court dismissed Miller's Counterclaim because it exceeded the jurisdiction of the court and ordered the case to proceed on Asset's Complaint only. On April 27, 2015, following a pretrial conference, Asset dismissed its Complaint against Miller without prejudice.

On March 25, 2016, Miller filed an FDCPA Complaint against Asset and Attorney Jeffrey Sobeck in Cuyahoga County Common Pleas Court, dropping a party and streamlining the allegations from his earlier municipal court Counterclaim. On April 26, 2016, Defendants Asset and Sobeck removed the matter to federal court. In the ensuing months, Defendants' Motion for Judgment on the Pleadings was filed and fully briefed. Prior to a ruling by the Court, Defendants made an Offer of Judgment which Miller accepted on October 31, 2016. On December 13, 2016, the Court entered judgment in favor of Miller and against all Defendants in the amount of $1,000, plus reasonable attorney's fees, interest and costs.

Because the parties were unable to agree upon the amount of fees and costs, Miller now moves for the Court's determination of an award in compliance with 15 U.S.C. § 1692k(a)(3). Miller seeks a total of $13,395.00 in attorney's fees and $336.00 in costs.

Asset objects, arguing: (1) Miller's hours and costs expended in the municipal court are not compensable in this case; (2) Miller should not have opposed Defendants' Motion for Judgment on the Pleadings and should not be compensated for those billable hours because his claim was clearly time-barred; (3) Miller's Complaint in the instant case is nearly identical to

claims filed in other cases by the same counsel; so, the two hours charged for drafting this Complaint are not compensable; and (4) Miller fails to show that his hourly rate is based upon the prevailing market rate in the relevant community.

## II. LAW AND ANALYSIS

The FDCPA mandates the award of reasonable attorney's fees and costs to a prevailing party. 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997). A reasonable fee is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).

The Supreme Court directs courts to calculate attorney's fees under the "lodestar" method. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The reasonable hourly rate is multiplied by the number of hours *reasonably expended on the litigation*. *Webb v. Bd. of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 235 (1985) (emphasis in original); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of this calculation is known as the "lodestar." There is a strong presumption that the lodestar represents a reasonable fee. *Delaware Valley*, 478 U.S. at 565.

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). The court is guided by the "prevailing market rate [] in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984), defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command," *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th

Cir. 2000).

**Compensable hours**

Pursuant to 15 U.S.C. § 1692k(a)(3), the prevailing party is entitled to an award of attorney's fees reasonably expended in *the* litigation. Miller admits that the Shaker Heights Municipal Court dismissed his Counterclaim because it exceeded that Court's jurisdiction. (ECF DKT #17 at 4). Miller further admits that he simplified and streamlined his municipal court Counterclaim and dropped a party before filing his FDCPA Complaint in Cuyahoga County Common Pleas Court on March 25, 2016. *Id*. The within matter originated in Cuyahoga County Common Pleas Court and was removed on the basis of federal question jurisdiction.

Therefore, the Court agrees with Asset that the municipal court proceeding is separate and independent from the pending proceeding. Moreover, the Court believes that permitting Miller's counsel to receive fees for work performed in a completely discrete, unsuccessful case would run afoul of the intent of § 1692k(a)(3). Thus, Miller's fee request will be limited to the hours expended after January 7, 2016; so, 17.7 hours will be deducted. The costs will be reduced by $180.00, the amount attributable to Shaker Heights Municipal Court. (See Miller's chart of fees and costs; ECF DKT #17-1).

**Defendants' Motion for Judgment on the Pleadings**

Asset argues that Miller should not be awarded fees for time expended researching and drafting an opposition brief to Asset's Motion for Judgment on the Pleadings because Miller's claim was barred by the FDCPA's one-year statute of limitations.

Asset's Offer of Judgment was made and accepted before the Court made a ruling on

the dispositive Motion. There was never a determination as a matter of law on the statute of limitations bar. Attorneys are ethically and professionally obligated to defend the validity of their clients' asserted claims.

Therefore, the Court disagrees with Asset's second objection and will not reduce Miller's requested fees on this basis.

**Similar prior pleadings**

Asset asserts that the instant Complaint is nearly the same as, or virtually identical to, pleadings drafted by Miller's counsel in other cases; so, the hours spent researching, reviewing and drafting the Complaint should not be compensable.

Asset provides copies of pleadings filed by Miller's counsel in Summit and Montgomery Counties and identifies the duplicative language. However, the Court is loathe to second-guess how an attorney litigates, unless the Court is aware of a violation of the rules of practice or the rules of professional responsibility.

Once again, the Court disagrees with Asset's third objection and will not reduce Miller's requested fees on this basis.

**Reasonable hourly rate**

Miller's counsel's customary rate is $300.00 per hour. In his Motion, Miller directs the Court's attention to fee awards in the Northern District of Ohio. For example, in *Dobina v. Carruthers*, Case No. 5:09cv2426, 2010 WL 1796345 (N.D.Ohio May 3, 2010), a $300.00 hourly rate was found reasonable in an FDCPA matter. In an FDCPA fee case decided in 2016, an hourly rate of $400.00 was approved. (*Mohn v. Goll*, Case No. 4:15cv476 (N.D.Ohio Mar. 31, 2016).

The Court is not persuaded by Asset's objection in this regard. The Court finds that Miller's counsel's hourly rate is within the range upheld in this District. Moreover, although a mere declaration of Miller's attorneys' customary rate is not evidence the Court would prefer, the Sixth Circuit has found it is not an abuse of discretion to award attorney's fees on that basis. *Dowling v. Litton Loan Servicing*, 320 F.App'x 442, 447 (6th Cir. 2009).

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #17) of Plaintiff Alfred Miller for an Award of Attorney Fees and Costs is granted in part. The amount of hours reasonably expended on the litigation is reduced by 17.7 hours to 26.95 hours. The lodestar calculation is 26.95 hours multiplied by $300.00 per hour, which comes to $8.085.00. The reasonable costs are reduced by $180.00, for a total of $156.00. Therefore, the Court awards Plaintiff Alfred Miller $8,241.00 in fees and costs.

**IT IS SO ORDERED.**

                                                  s/ Christopher A. Boyko
                                                  **CHRISTOPHER A. BOYKO**
                                                  **United States District Judge**

**Dated: September 18, 2017**